## Lexington Roller Mills et al. v. Thornberry.

November 21, 1950.

William J. Baxter, Judge.

112

Harbison, Kessinger and Lisle & Bush for appellants.

Leer Buckley and D. L. Pendleton for appellee.

JUDGE KNIGHT—Reversing.

This suit was brought by appellee against appellant for damage to her automobile in the sum of $500, occasioned by the alleged negligent operation of a truck owned by appellant and operated by its servants and employees. Appellant filed a counter-claim against appellee asking damages in the sum of $2000 to its truck, resulting from the collision, and $720 for the loss of its use. Upon trial of the issues, the jury brought in a verdict in favor of appellee in the sum of $485, thereby denying appellant recovery of any sum on its counter-claim. Appellant prosecutes this appeal from that judgment, asking reversal on two grounds: (1) the verdict of the jury is flagrantly against the evidence; (2) erroneous instructions.

On the morning of December 1, 1947, appellee was driving alone in her automobile from her home in Winchester to Lexington on U. S. Highway No. 60, a two-lane concrete road about twenty feet wide. The day was bright and the road dry. A repair crew of state highway trucks was moving slowly in their work on

the right side of the highway in the direction she was going. The rear truck in the repair fleet had attached to it a trailer containing the "hot pot" in which the tarvia was melted and kept warm. About 150 to 200 feet in front of it was another highway truck pulling a compressor and containing other repair materials. These two trucks were about 500 feet from the brow of a slight hill in front of them. Another highway truck, being driven by the foreman of the crew, was some distance away over the brow of the hill and was not at the scene of the accident when it happened.

According to the testimony of appellee, she was driving about 25 to 30 miles per hour, the road being slightly upgrade at that point, when she came upon the highway crew. She started around the rear truck, not knowing there was any other truck in front of it. As she started to pull around the truck, she looked up the highway and saw nothing, but as she got abreast of the truck she saw appellant's truck coming over the hill. She knew she could not get around both trucks so she slowed up and tried to get back on her side of the road but was unable to do so. She stopped and was standing still when appellant's truck struck her car, turned it completely around and over into the ditch. The truck went into the ditch and turned over. She did not testify as to the speed of appellant's truck as it came over the hill and approached her, but employees of the highway who testified for her estimated the speed of that truck at from 30 to 45 miles per hour. In general these employees corroborated appellee's testimony that she started to pull around the highway truck, saw the oncoming truck, was unable to get back on her side of the road, and was standing still when appellant's truck, coming at unslackened speed, struck her car, causing the damage complained of. They testified that one of the crew had placed signs, "Men working," about 500 feet east and about 1000 to 1500 feet west of the scene of the accident, the latter being the direction from which appellant's truck was coming.

The evidence produced by appellant presents a different picture. According to the testimony of Eugene Webb, driver of the truck involved in the accident, he topped the hill running at between 15 and 20 miles per hour. He saw the highway trucks on his left and as he got within 25 or 30 feet of one of the trucks, appellee

pulled out from behind it. He immediately applied his brakes and got over as far as he could on the shoulder of the road, on the grass, but she kept on coming and hit his truck at its left fender breaking his brakes, after which he lost control, went into the ditch and turned over. He was driving at 25 miles per hour as he approached but was traveling at not over 20 miles per hour when she hit him, having applied his brakes. He saw no signs, "Men working," as he approached the hill. He testified that after the accident appellee said in his presence that it was her fault because she had pulled out into the path of his truck. His testimony in this respect was corroborated by three other witnesses. She partially denied this on rebuttal. Mr. Sweeney, who was riding in appellant's truck when the accident occurred, corroborated, in substance, the testimony of Webb, driver of the truck. John Ham, mechanic for appellant, testified that the governor on the truck was set at 35 to 37 miles per hour and that was its maximum speed. The loaded truck weighed approximately 19000 pounds.

Other testimony introduced by the respective parties related to the damage done to their respective vehicles and the costs of the repairs for each.

The case was submitted to the jury on ten instructions. They were in the main erroneous because they did not properly define the duties of appellee as driver of the car and of Eugene Webb as driver of appellant's truck. Under the evidence we think appellee was guilty of negligence as a matter of law in passing the highway trucks under the circumstances involved and in violation of KRS 189.340(3). At the same time it was the duty of the driver of the truck to avoid striking her automobile if he discovered her peril, or could have discovered it by the exercise of ordinary care. As we see it, this is a case in which the last clear chance doctrine is clearly applicable. If the evidence is substantially the same in another trial, the claim of the plaintiff and the counter-claim of the defendant should be submitted to the jury on three main instructions substantially as follows:

(1) On the claim of plaintiff, Virginia B. Thornberry, against the defendants, Lexington Roller Mills and Eugene Webb, you will find for the defendants un-

less you believe from the evidence that after plaintiff's position of peril was discovered by defendant Webb, or should have been discovered by him in the exercise of ordinary care, defendant Webb failed to use ordinary care with the means at hand to avoid striking the plaintiff's automobile; in which latter event you will find for the plaintiff.

(2) If you find for the plaintiff under Instruction No. 1, you must also find for the plaintiff on the counter-claim of defendant, Lexington Roller Mills.

(3) If you do not find for the plaintiff under Instructions 1 and 2, you will find for the defendant, Lexington Roller Mills, on its counter-claim against the plaintiff, unless you believe from the evidence that defendant Webb was contributorily negligent in (1) operating defendant's truck at an unreasonable rate of speed in view of the traffic on the highway and the condition and use of the highway at or near the place of the collision; (2) or failing to keep a proper lookout; or (3) failing to have the defendant's truck under reasonable control; but if you believe defendant Webb failed to perform any of the duties set out in this instruction and such failure contributed to, and but for such negligence of defendant Webb the accident would not have occurred, then you will find for the plaintiff on defendant's counter-claim. Unless you so believe, you will find for defendant, Lexington Roller Mills, on its counter-claim against Virginia B. Thornberry.

To the above will be added the necessary instructions covering plaintiff's damages, if allowed, defendant's damages on its counter-claim, if allowed, defining negligence and the number of jurors necessary to reach a verdict, etc., such as were set out in Instructions Nos. 3, 7, 10, and 11 in the first trial.

Wherefore the judgment is reversed for further proceedings consistent herewith.